Coös,
May 7, 1902.

### CANNING v. KNIGHTS & Tr.

A trustee in foreign attachment is chargeable for funds in his possession which were taken by him from the principal defendant, in good faith and for safe keeping, at a time when the latter was incapable of assenting thereto.

FOREIGN ATTACHMENT. The trustee disclosed that he had in his possession the sum of fifty dollars which he took from the defendant for safe keeping when the latter was so drunk that he did not realize what he was about. The trustee took the money with the defendant's consent, if he could give consent when he was so drunk that he did not realize what he was doing. Upon these facts the court charged the trustee, and the defendant excepted. Transferred from the September term, 1901, of the superior court by *Young*, J.

*Thomas F. Johnson*, for the plaintiff.

*James I. Parsons*, for the defendant.

REMICK, J. The law provides that when "it appears that the trustee had in his possession at the time of the service of the writ upon him, or at any time after, any money, goods, chattels, rights, or credits of the defendant, not exempted from trustee process, he shall be adjudged chargeable therefor." P. S., c. 245, s. 19. The money in question was concededly in the "possession" of the trustee "at the time of the service of the writ upon him," and "not exempted from trustee process." It is, therefore, within the letter of the statute. But it is suggested that, as the money was taken from the defendant by the trustee while the former was intoxicated and incapable of assent, and was held by the latter at the time of the service of the writ without any privity of contract with the defendant, it was not subject to trustee process. It is not claimed that the trustee was in collusion with the plain-

tiff or the officer and that he took the money from the defendant in order that it might be trusteed for the plaintiff's debt. It might well be claimed that a foreign attachment under such circumstances would be fraudulent, and for that reason of no avail. *Closson* v. *Morrison*, 47 N. H. 482; *Despatch Line* v. *Bellamy Co.*, 12 N. H. 205,—37 Am. Dec. 203; Rood Garn. 56; 14 Am. & Eng. Enc. Law (2d ed.) 842. But here the trustee appears to have been as morally and legitimately in the possession of the money as if he had rescued it from a burning pile, in order to save it for the defendant. Having it in his possession under such circumstances, and there being no pretence of collusion or fraud, we see no reason, in law or policy, why the trustee should not be adjudged chargeable therefor, according to the letter of the statute. 2 Gr. Ev. (13th ed.), s. 643; Rood Garn. 55, 56; *Closson* v. *Morrison*, 47 N. H. 482,—93 Am. Dec. 459; *Sweet* v. *Brown*, 5 Pick. 178.

*Exception overruled.*

All concurred.